UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**PATRICK JAMES WERNER**,

                 Plaintiff,

v.                                    **Case No. 15-cv-116-pp**

**HEATHER LYNN RICHMOND,**

                 Defendant.

---

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION
FOR LEAVE TO PROCEED IN FORMA PAUPERIS (DKT NO. 2), GRANTING PLAINTIFF'S MOTION TO WAIVE INITIAL PARTIAL FILING FEE (DKT. NO. 4), DENYING AS MOOT PLAINTIFF'S MOTION TO HAVE DEFENDANTS SERVED THROUGH PACER (DKT. NO. 5), SCREENING PLAINTIFF'S COMPLAINT, AND DISMISSING CASE**

---

The plaintiff, a state prisoner, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging violations of his civil rights by his court-appointed criminal defense attorney. This order resolves the plaintiff's motion for leave to proceed *in forma pauperis*, the plaintiff's motion to waive initial partial filing fee, and the plaintiff's motion to have defendants served through PACER. The court also screens the plaintiff's complaint, and dismisses it.

### **Plaintiff's Motions Regarding Filing Fee**

The Prison Litigation Reform Act applies to this action because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without pre-paying the civil case-filing fee, as long as he meets certain conditions. One of those conditions is a requirement that the plaintiff

1

pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On January 30, 2015, the court issued an order requiring the plaintiff to pay an initial partial filing fee of $10.16. (Dkt. No. 6). At that time, the plaintiff already had filed a motion to waive the initial partial filing fee. (Dkt. No. 4). In the motion, the plaintiff details both his earnings and the many deductions that the prison takes from this prison trust account, leaving him without a remainder to pay his initial partial filing fee. "In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has not assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4). The court will grant the plaintiff's motion to waive the initial partial filing fee (Dkt. No. 4) and grant the plaintiff's motion for leave to proceed without pre-paying the filing fee (Dkt. No. 2). The court will allow the plaintiff to pay the balance of the $350.00 filing fee over time from his prisoner account, as described at the end of this order.

## Review of the Plaintiff's Complaint

The law requires the court to screen complaints brought by plaintiffs proceeding without pre-payment of the filing fee. 28 U.S.C. §1915(e)(2). The court must dismiss a complaint or portion thereof if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.*

2

A claim is legally frivolous when "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is "based on an indisputably meritless legal theory or where the factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint, however, that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint

3

allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in *Twombly*. First, a court must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. *Id.* Second, if there are well-pleaded factual allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

In his complaint, the plaintiff details his interactions with Heather Lynn Richmond, an attorney appointed by the State Public Defender's Office to represent the plaintiff. Dkt. No. 1 at 3-5. He complains that the defendant did not meet with him until months after she was appointed, that she failed to

4

show up for his first revocation hearing, that she failed to send him letters or communicate with him, and that she re-scheduled hearings without his knowledge or consent, among other things. The complaint also sets forth a number of legal theories supporting the plaintiff's contention that the defendant violated various of his constitutional rights, including his rights under the Fifth and Ninth Amendments and his due process and equal protection rights.

The plaintiff cannot proceed on these allegations under §1983, however, because Attorney Heather Lynn Richmond is not a state actor and was not acting under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *see also Swift v. Swift*, 556 Fed.Appx. 509, 510-11 (7th Cir. 2014). Therefore, the plaintiff's complaint is legally frivolous, and the court will dismiss it. *See McDonald v. White*, 465 Fed.Appx. 544, 548-49 (7th Cir. 2012) (citing *Polk*, 454 U.S. at 325). The plaintiff may have some remedy in state court or some other forum regarding his attorney's performance, but he does not have a remedy in this court.

**Plaintiff's Motion to Have Defendants Served Through PACER (Dkt. No. 5)**

Because the court is dismissing the plaintiff's complaint, there is no need to serve the defendant. The court will thus deny the plaintiff's motion to have the defendant served through PACER as moot.

## Conclusion

The court **ORDERS** that the plaintiff may proceed *in forma pauperis* (Dkt. No. 2). The court **GRANTS** the plaintiff's motion to waive initial partial filing fee (Dkt. No. 4). The court **DENIES AS MOOT** the plaintiff's motion to have defendants served through Pacer (Dkt. No. 5).

The court **DISMISSES** this case pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim. The court instructs the clerk of court to enter judgment accordingly. The court also instructs the clerk of court to document that this plaintiff has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1), and that this plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court further **ORDERS** the Secretary of the Wisconsin Department of Corrections or his designee to collect from the plaintiff's prison trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The Secretary or his designee shall clearly identify the payments by the case name and number.

The court will send a copy of this order to the warden of the institution where the inmate is confined.

**I FURTHER CERTIFY** that if the plaintiff appeals from this decision, such an appeal would not be taken in good faith pursuant to 28 U.S.C.

§1915(a)(3), unless the plaintiff offers bona fide arguments supporting his appeal.

Dated at Milwaukee this 4th day of September, 2015.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge